**Willie CRENSHAW, Appellant,**

v.

**Robert PARRATT, et al., Appellees.**

No. 82–1400.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1983.

Decided Jan. 26, 1983.

Paul L. Douglas, Atty. Gen. of Neb., J. Kirk Brown, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Lindsey Miller-Lerman, Kutak, Rock & Huie, Omaha, Neb., for appellant.

Before BRIGHT, ARNOLD and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Willie Crenshaw brings this action for damages under 42 U.S.C. § 1983 against Robert Parratt, Warden of the Nebraska State Penitentiary. Crenshaw, formerly an inmate of the penitentiary, was scheduled for mandatory parole under Neb.Rev.Stat. § 83–1,111(5) on January 14, 1979. Because he refused to sign a form consenting to the customary conditions of mandatory parole, and also refused to appear before the Parole Board, he was not released. The District Court [1] granted the defendants' motion for summary judgment. We affirm.

We assume that plaintiff had a liberty interest of which the State could not deprive him without whatever process was due. The difficulty with plaintiff's case is that he was not deprived of anything. This is not a case, properly understood, in which Crenshaw was denied parole. Rather, he was entitled to parole, the State offered him parole, and he would have received it simply by signing a form. The deprivation, if any, was self-inflicted. No one claims that the usual conditions of parole required by the State are invalid or improper, or that the State had power to waive those conditions.

Perhaps Crenshaw did not understand the situation. Perhaps he thought (wrongly) that he had a legal right to unconditional release. In either event, the State did all it was required to do.

Affirmed.

---

[1] The Hon. Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.