

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-1996

# Homoki v. Northampton Cty

Precedential or Non-Precedential:

Docket 95-1783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Homoki v. Northampton Cty" (1996). *1996 Decisions.* Paper 151.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/151

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95-1783
_____


MIKLOS HOMOKI,
                    Appellant

                    v.

NORTHAMPTON COUNTY;
ROBERT OLANDER, WARDEN, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS WARDEN, NORTHAMPTON COUNTY PRISON;
MORRIS PAGNI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS CHIEF RECORD OFFICER, NORTHAMPTON COUNTY PRISON


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 94-cv-02665)
_____


Argued May 2, 1996

Before:  SCIRICA, ROTH and GODBOLD*, Circuit Judges

(Filed June 18, 1996)

            DAVID RUDOVSKY, ESQUIRE (ARGUED)
            Kairys, Rudovsky, Kalman & Epstein
            924 Cherry Street, 5th Floor
            Philadelphia, Pennsylvania 19107

              Attorney for Appellant

            L. ROSTAING THARAUD, ESQUIRE (ARGUED)
            Marshall, Dennehey, Warner,
              Coleman & Goggin
            1845 Walnut Street
            Philadelphia, Pennsylvania 19103

              Attorney for Appellees


*Honorable John C. Godbold, United States Senior Circuit Judge for
the Eleventh Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____


PER CURIAM.

Appellant, Miklos Homoki, sued Northampton County (Pennsylvania), the warden of the county prison, and the chief record officer of the prison under 28 U.S.C. 1983, alleging that defendants confined him to the prison for some months beyond the expiration of his sentence on state drug convictions. He asserted violations of the Fourth, Eighth, and Fourteenth Amendments, giving rise to two causes of action: first, a claim for false imprisonment, denial of due process, and cruel and unusual punishment, and, second, a claim for failure of the individual defendants to release him because the county failed to properly train and supervise them.

The district court granted defendants' motion for summary judgment in an order that discusses only the Eighth Amendment claim but analyzes the case as a whole. The court noted that under Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989), a prisoner incarcerated past the expiration of his sentence has a cause of action under 1983 for deprivation of Eighth Amendment rights. The court concluded, however, that Homoki did not state a claim under 1983 because the defendants had not subjected or caused him to be subjected to incarceration beyond the expiration of his sentence; rather, by refusing to accept parole he suffered from a self-inflicted deprivation consisting of continued incarceration.

It is not necessary that we explore all the details of Homoki's relevant case histories. He pleaded guilty to two informations charging possession of methamphetamine and heroin and was given suspended sentences and probation. He violated probation by possession of cocaine, and the suspended sentences were reimposed. He was separately sentenced for the cocaine offense that had led to the revocation of probation. On appeal of the sentence imposed for violation of probation the sentence was vacated for a new probation revocation hearing. On remand the new hearing was conducted on April 24, 1992, and Homoki was resentenced for the methamphetamine/heroin convictions. During his subsequent incarceration Homoki protested several times that he was entitled to release.

In July 1992 Homoki was referred to parole officials for interview. There is evidence that he then stated he did not wish to be on parole because he feared his parole officer would report him as a parole violator and cause him to be sent back to confinement. Therefore, he wished to serve his sentence of confinement until its expiration and then be unconditionally released. Homoki also says that he stated at the time of his interview that his sentence of confinement already had expired and accordingly he then refused parole on principle.

The case could not be decided on the basis set out by the district court. Before it can be determined whether, by state

action, Homoki was improperly incarcerated beyond the expiration of his sentence[s] of confinement, or as a consequence of his own action he remained confined because he declined to accept the status and conditions of parole, there must be a determination of the date on which his sentence[s] of confinement expired and of the terms and conditions of parole. Also there appears to be an issue of whether Homoki has received proper credit for time served.

The district court noted that Homoki contended that he was entitled to release on August 14, 1992, at the expiration of his sentence for cocaine possession. The court held:

> Homoki argues and the Court agrees that the actionable period began on August 14, 1992, the expiration of the [sic] Judge Simpson's sentence for cocaine possession, and continued until Homoki was released until March 24, 1993.

We are unclear whether the reference to "the actionable period" was intended to be a finding of fact that Homoki's period of incarceration was to terminate August 14, 1992 or is merely descriptive language describing the period August 14, 1992 – March 24, 1993 as the period for which Homoki contends he was illegally incarcerated. On appeal, Homoki appears to say that August 14 was the latest date his confinement expired. He refers, however, to other possible, and earlier, dates springing from credit for time served, and indeed he advances one argument that he was entitled to immediate release the moment he was resentenced on April 24, 1992. In this court the defendants have not addressed the issue of when sentence[s] of confinement expired but rather stand on the judge's conclusion that Homoki was not incarcerated by state action but of his own volition because he refused parole.

There must also be a determination of Homoki's parole status when his sentence[s] of confinement expired, whenever that was. For such use as it may be to the district court, it seems to us that there are several possibilities respecting parole, including the following. First, when Homoki's confinement time expired he was entitled to unconditional release on that date, free of conditions of parole. Second, on the expiration date he was conditionally entitled to release, i.e., release on condition he would move to parole status. A third possibility is that on termination of confinement a period of parole was mandated by state law or by the sentence[s] imposed. Fourth, Homoki contends that the imposition of parole was beyond the authority of the sentencing judge and within only the power of the Board of Parole.

The district court relied upon Crenshaw v. Parratt, 698 F.2d 360 (8th Cir. 1983), for its self-inflicted wound rationale. But in that case the inmate was scheduled for mandatory consideration for parole by the state Board of Parole, under a state statute requiring such consideration, prior to expiration of the minimum term of confinement. He declined to agree to uniform conditions of parole and refused to appear before the parole board. The Eighth Circuit recognized that the inmate had a liberty interest but held that he was not deprived of anything because he was not entitled to release free of parole. He simply frustrated

the process that might have given him early release on parole.  In contrast, Homoki contends that his period of confinement expired and that, under the terms of the sentence imposed upon him, he was entitled to unconditional release on August 14 (or earlier) but was held for months thereafter.

The district court found that Homoki was actually offered parole in his July interview.  If this is correct and his term of confinement had not expired and he was offered early release on parole, he is like the inmate in Crenshaw, who could not frustrate early release and then complain because he was not released; Homoki would be in that status only for the period extending to the time he was entitled to unconditional release, i.e., a refusal of early release on parole could not extend his term of confinement beyond a date prescribed for unconditional release.

For consideration of the threshold questions we have noted Homoki contends that relevant sources include a colloquy by the judge at the April 24 resentencing and an opinion entered by the judge some two months later after the contours of the sentence were questioned.  Also Homoki refers to the content of the court's sentencing record (the "sentencing sheet") entered at the resentencing, which he says disagrees with the colloquy, and a related matter of whether the sentencing sheet was required to be, and in fact was, signed by the judge.  It is for the district court to determine which of these, and other possible sources, are admissible to determine the questions we have set out.  It is also for the district court to address on remand, if appropriate, other issues not yet reached by it such as the statute of limitations, qualified immunity and governmental immunity.

We will reverse and remand.